STATE v. DONALD L. SLACK.

202 N. W. 2d 876.

December 1, 1972—No. 43077.

C. Paul Jones, State Public Defender, and Mark Peterson, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant, indicted for first-degree murder, Minn. St. 609.185, and convicted by a jury of first-degree manslaughter, Minn. St. 609.20, contends on appeal from judgment of conviction that (1) the evidence that he killed the victim was insufficient as a matter of law, and (2) whether or not there was sufficient evidence that he killed the victim, the evidence did not warrant the submission, over defense objection, of the lesser offense of first-degree manslaughter.

After a careful review of the record, we conclude that the evidence, viewed most favorably to support a finding of guilt, was sufficient to permit the jury to find that defendant drove the victim, a 19-year-old girl, to an excavation project where he killed her, and then transported her body to the place where it was discovered. Defendant admitted that

he was with the victim early on the evening in question but claimed he left her and never saw her again. He also admitted going that evening to the excavation project, where he was employed, but denied that the girl was with him. However, there was direct evidence that he did not leave the girl when he said he did and circumstantial evidence that he took her to the project with him. Further, there was scientific evidence and other circumstantial evidence that the killing occurred at the scene of the project and that defendant transported the girl's body in his trunk.

The pathologist testified that the victim died as the result of suffocation from dirt packed into her mouth. Scratches and bruises on her body suggested a struggle. But there was no direct evidence of exactly what transpired between defendant and the victim. It was the jury's task to reconstruct this from the evidence available. Accordingly, the trial judge properly instructed the jury not only on the crime charged, but on the lesser offenses, including first-degree manslaughter, thereby authorizing the jury to return a verdict on the basis of its reconstruction of what happened. State v. Pankratz, 238 Minn. 517, 538, 57 N. W. 2d 635, 647 (1953).

Affirmed.